IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SHANE SCOFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHOENIX LAW PC<br><br>Defendant. | Civil File No. 1:23-cv-01004-CNS-KLM |

### PLAINTIFF'S MOTION TO OPEN DISCOVERY

Plaintiff Shane Scofield seeks leave from the Court to take discovery to (1) identify members of the proposed class of recipients of Defendant's Telephone Consumer Protection Act violative conduct and the proposed class (*See* ECF No. 1 at ¶ 34) and (2) determine the amount of damages they are entitled to in advance of seeking entry of class certification and default judgment.

On June 12, 2023, a default was entered by the Clerk against Defendant (ECF No. 9). The Court also Ordered that the Plaintiff file a motion for default judgment by July 12, 2023 (ECF No. 10). However, the Plaintiff is unable to do so without discovery. "[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact," including specifically allegations relating to the prerequisites for class certification under Federal Rule 23. *Amadi v. Ace Homecare, LLC*, No. 8:17-cv-02191-T-02JSS, 2019 U.S. Dist. LEXIS 52375, at *3-4 (M.D. Fla. Mar. 28, 2019) (internal annotations and citations omitted) (a defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *Duncan v. Sabal Palms I Assocs., Ltd.*, No. 89-3 CIV-FtM-10(A), 1990 U.S. Dist. LEXIS 21077, at *2-7 (M.D.

Fla. June 7, 1990) (certifying class action based on the plaintiff's allegations in the complaint that were, in effect, admitted by the defaulted defendant).

However, discovery is needed to identify recipients of Defendant's TCPA robocalls and to determine the total number of calls each Class member received so that statutory damages of $500 to $1,500 per violation can be determined on a Classwide and per Class member basis. *See* 47 U.S.C. 227(b).

Pursuant to Federal Rule 55(d)(2): "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Accordingly, Plaintiff requests leave to take discovery to identify members of the Class and to determine damages as contemplated by Rule 55(d)(2). Plaintiff seeks to serve discovery on Defendant and any third parties involved in making the violative calls in an effort to obtain call logs from them.

Without this relief, a default judgment, and lack of participation in this matter, may afford Phoenix Law a strategic advantage.  In a TCPA class action lawsuit, a defendant's call records and data are the key evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23.  *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications

with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").  Since Phoenix Law has defaulted it has currently refused to provide any call records or data (or identify any third parties having such relevant information), Mr. Scofield will be prejudiced by his inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by Phoenix Law.

Such discovery is critical in TCPA cases, and as a result courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al*., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). There are also other prejudices not associated with

3

calling records that the Plaintiff will face from a stay. *See Sanaah v. Howell*, 2009 Civil Action No. 08-cv-02117-REB-KLM, U.S. Dist. LEXIS 35260, *2 (D. Colo. Apr. 9, 2009) ("with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."). Here, the Plaintiff is simply seeking to proceed with obtaining this information so he can be in a position to file a motion for class certification and subsequently for assessment of damages, as requested by this Court.

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Court enter an order permitting discovery on Defendant and any third parties in advance of moving for class certification and entry of default judgment.

Dated: June 12, 2023

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on this on all counsel of record via the Court's CM/ECF system.

*/s/ Anthony I. Paronich*

4